## A90A1768. ALLEN v. THE STATE.
(405 SE2d 94)

Pope, Judge.

Defendant Gene Allen was convicted of the burglary of a residence in Bryan County. Defendant's accomplice, who pleaded guilty to the charge against him, testified that defendant came up with the idea to burglarize the residence in question as the two men sat around drinking beer on the morning of the burglary. Defendant told the accomplice he had performed contracting work at the home and knew that the owner had a collection of knives and guns. The accomplice drove the defendant to the residence. If the owners were at home, defendant planned to ask for work. Defendant went to the front door and informed the accomplice that the door was unlocked. Defendant instructed the accomplice to search the upstairs while defendant kept a lookout. The accomplice testified he was in the house for approximately 30 minutes and when he came out to place the items he had taken into his truck, defendant was gone.

The accomplice drove away and was stopped by a deputy sheriff a short distance from the burglarized house. Some, but not all, of the property stolen from the house was recovered in the accomplice's truck, on his person or in the back seat of the patrol car in which he was transported. A videotape recorder and movie camera were found in the truck but the accomplice does not remember taking them from the residence. A set of keys to the house was also found under the seat of the accomplice's truck, but he denied knowledge of how they got there. Investigators found no sign of forced entry to the house.

The owner testified that defendant had worked at his house as a paint contractor prior to the burglary. He discussed with defendant his collection of guns and knives and left defendant and another painter alone in the house to do their work. The owner stated that the set of house keys discovered in the accomplice's truck had been placed in a kitchen drawer just prior to the time defendant came to paint. According to the owner, the house was locked on the morning of the burglary.

A sheriff's deputy testified that about two months after the burglary, after defendant had been arrested pursuant to a warrant and released on bond, the defendant contacted him and indicated he wanted to make a statement. At the sheriff's office, after defendant had been duly instructed of his right to remain silent, the defendant admitted he had been at the house on the morning of the burglary but denied participating in the burglary. He also admitted he had performed contracting work at the house prior to the burglary. According to defendant, the accomplice drove him to the house to ask for work and the accomplice, but not defendant, entered the house. Defendant said he became scared and left the scene.

1. In his first three enumerations of error defendant argues the trial court erred in entering judgment on the guilty verdict on the general grounds. We disagree and hold that the testimony of the accomplice, supported by circumstantial evidence, is sufficient to support a finding of guilty beyond a reasonable doubt.

2. In his fourth and seventh enumerations of error defendant argues his conviction must be reversed because the only evidence presented against him was the uncorroborated testimony of the accomplice. We disagree with defendant's contention that the accomplice's testimony was uncorroborated. Defendant admitted being present at the scene of the crime. Defendant knew of the valuable items in the house. He had access to the house keys which were recovered in his accomplice's vehicle. Although the accomplice was apprehended immediately after the burglary and he had no opportunity to dispose of the stolen property, not all the property was recovered from the accomplice. Conversely, stolen property was found in the truck which the accomplice, who otherwise confessed to the crime, did not remember taking. This circumstantial evidence served to corroborate the accomplice's testimony. "[T]he corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. 'Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict.' " (Citation and indention omitted.) *Smith v. State*, 238 Ga. 640, 641-642 (235 SE2d 17) (1977). See also *Whitfield v. State*, 159 Ga. App. 398 (6) (283 SE2d 627) (1981).

3. In his fifth and eighth enumerations of error defendant argues the trial court erred in admitting testimony concerning the statement he made to the sheriff's deputy on the ground that the State did not make a proper showing that defendant made the statement voluntarily. To the contrary, the testimony of the sheriff's deputy showed defendant called the deputy and offered to make the statement and, before the statement was received, defendant was duly informed of his constitutional rights. A proper hearing was conducted on the admissibility of defendant's statement in which the totality of the circumstances surrounding the statement showed it was made voluntarily. See *Pierce v. State*, 238 Ga. 126 (1) (231 SE2d 744) (1977).

4. We also reject defendant's argument that the trial court failed to charge the jury correctly on the State's burden to prove the defendant's statement was made voluntarily. The charge relating to defendant's statement covers three pages of the trial transcript and expressly states that the burden of proving the statement was voluntarily and willingly made is on the State. "[The trial court] correctly charged the law applicable to [defendant's statements]. [Cit.] If the defendant had wished an elaboration of the charge actually given . . ., he should have submitted a timely written request." *Webb v.*

*State,* 73 Ga. App. 748, 749 (2) (38 SE2d 54) (1946).

5. In its instructions on circumstantial evidence the trial court gave almost the precise language of OCGA § 24-4-6. Thus, the instructions were not in error. Although it would not have been error for the trial court to give an instruction even more favorable to the defendant, to the effect that when circumstantial evidence supports both a theory of guilt and a theory of innocence the law compels the acceptance of the theory of innocence, see *Price v. State,* 180 Ga. App. 215 (2) (348 SE2d 740) (1986), it cannot be said the trial counsel's failure to request such an instruction shows defendant was denied effective assistance of counsel. The charge as given was a correct statement of the law.

6. On motion for new trial defendant, represented by appointed counsel other than the attorney who represented him at trial, asserted that he was denied effective assistance of trial counsel. The only ground defendant set forth in his written motion as to this assertion was trial counsel's failure to request a special instruction on circumstantial evidence, which we held in Division 5 of this opinion was not a denial of effective assistance of counsel. At the hearing on the motion, however, defendant also argued he was denied effective assistance of counsel by trial counsel's failure to call defendant as a witness and failure to call other potential witnesses identified by defendant. We have reviewed the testimony of defendant's trial counsel at the hearing on the motion for new trial and we hold that his decisions on these matters were part of a reasonable trial strategy and did not amount to a denial of effective assistance of counsel. See *Austin v. Carter,* 248 Ga. 775 (2c) (285 SE2d 542) (1982).

Defendant also raised for the first time at the hearing on his motion for new trial the assertion that he was denied his constitutional right to be present during jury selection by trial counsel's failure to notify him of the date of jury selection. The record shows trial counsel notified defendant by letter of four possible dates on which the court would conduct jury selection for his trial and advised him to be available. According to defendant, he telephoned counsel in response to the letter, informed him he wished to be present for jury selection and asked the attorney to notify him of the date and time. The jury was selected either January 8 or 9, 1990, but defendant heard nothing further from his attorney until after the jury had been selected and the attorney notified him of the date of trial.

The defendant's right to be present at every stage of the trial extends to the selection of the jury. *Fictum v. State,* 188 Ga. App. 348 (2c) (373 SE2d 54) (1988). The right may be waived by the attorney only in defendant's presence or by defendant's express authority, or if the defendant subsequently acquiesces to counsel's waiver. *Wilson v. State,* 212 Ga. 73, 78 (90 SE2d 557) (1955). The record does not con-

tain a transcript of the jury selection proceeding, but defendant testified he did not authorize his attorney to waive his presence at the jury selection. The issue presented here is whether defendant subsequently acquiesced to his attorney's apparent waiver of his presence at jury selection.

The record shows trial counsel informed defendant of his right to be present at jury selection. According to an affidavit submitted by the trial attorney, defendant met with him prior to trial to discuss the jury which had been empanelled and, even though defendant had earlier been informed of his right to be present at jury selection, he voiced no complaint about picking the jury in his absence. Because evidence was presented which would support a finding that defendant acquiesced to his attorney's choosing a jury in his absence, the denial of the motion for new trial should not be disturbed. See *Dudley v. State*, 148 Ga. App. 560 (5) (251 SE2d 815) (1978).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 14, 1991 —
REHEARING DENIED MARCH 28, 1991 — 

*Ray C. Smith*, for appellant.
*Dupont K. Cheney, District Attorney, Lisa M. Young, Assistant District Attorney*, for appellee.