A92A0341. PRICE v. THE STATE.
(419 SE2d 126)

COOPER, Judge.

Appellant was convicted of voluntary manslaughter for the death of his wife and appeals from the judgment and sentence entered on his conviction.

1. In his first enumeration of error, appellant contends the trial court erred in allowing the victim's father and stepmother to testify as to their fears, prior to learning of the victim's death, that the victim's safety was at risk because of the appellant. Appellant argues that such testimony placed his character in issue. A review of the record reveals that appellant only objected to one of the statements made by the victim's father on the ground that the testimony was a self-serving declaration. That objection was sustained, but appellant maintains the jury should have been given curative instructions. "Ob-

jections to evidence which are not raised at trial will not be considered on appellate review. [Cit.]" *Proveaux v. State,* 198 Ga. App. 119 (4) (401 SE2d 12) (1990) We also will not consider appellant's argument regarding the testimony which was objected to at trial because "[u]nder our appellate procedure, ' "(a) reason why evidence should not be admitted will not be considered on appeal unless the reason was urged below." ' [Cits.]" *Brooker v. State,* 164 Ga. App. 775, 778 (2) (298 SE2d 48) (1982). Moreover, appellant waived any error due to the court's failure to give curative instructions by not requesting curative instructions when the objection was sustained. *Johnson v. State,* 198 Ga. App. 520 (6) (402 SE2d 115) (1991); *Evans v. State,* 190 Ga. App. 302 (2) (378 SE2d 903) (1989).

2. Appellant also enumerates as error the admission of certain testimony provided by the medical examiner in which he concluded that the victim's stab wounds were not sustained accidentally or in self-defense. Appellant argues on appeal that such testimony improperly introduced the issues of self-defense and accident and shifted the burden of proof from the State to the defense. At trial, however, appellant objected to the testimony on the basis that the hypothetical question propounded by the State was vague and therefore failed to properly preserve this issue for appeal. See *Brooker,* supra. This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 19, 1992.

*Charles M. Taylor II,* for appellant.

*Thomas J. Charron, District Attorney, Rose L. Wing, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.