A94A0307. WOODS v. THE STATE.
(442 SE2d 22)

McMURRAY, Presiding Judge.

On June 5, 1991, following a jury trial, defendant was convicted of armed robbery and sentenced to life in prison. More than two years later, defendant moved for permission to file an out-of-time appeal. The motion was granted and this appeal followed. *Held*:

1. Citing *Williams v. State*, 261 Ga. 640, 641-643 (409 SE2d 649) and *Stephens v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483), defendant asserts the trial court erred in permitting the State to introduce a certified copy of a previous conviction for armed robbery as evidence of a similar transaction or occurrence. In this regard, defendant posits

that the State did nothing more than introduce the copy of the previous conviction into evidence and that, therefore, the State failed to establish the similarity or connection between the previous offense and the crime charged. We find no merit in this enumeration of error because defendant did not make such an argument below. At a pretrial hearing to determine the admissibility of similar transaction evidence, defendant merely objected to such evidence on the ground that the State did not give him timely notice. During the trial, when the State introduced the certified copy of the previous conviction, defendant merely renewed his prior objection. It follows that defendant waived the evidentiary issue discussed in *Williams* and *Stephens* and that that issue was not preserved for appellate review. Compare *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) with *Riddle v. State*, 208 Ga. App. 8 (1) (430 SE2d 153).

2. In his second enumeration of error, defendant contends the trial court erred because it failed to chastise a State's witness and give appropriate curative instructions after the witness mentioned defendant's subsequent arrest for driving under the influence. We find no error. The trial court promptly sustained defendant's objection to the witness's testimony and struck it from the record. Defendant did not ask for curative instructions; nor did he move for a mistrial. If defendant wanted the trial court to take additional corrective measures, he should have asked for them. See *Turner v. State*, 208 Ga. App. 728 (431 SE2d 727); *Baine v. State*, 181 Ga. App. 856, 858 (4) (354 SE2d 177); *Campbell v. State*, 111 Ga. App. 219, 220 (5) (141 SE2d 186). "[A]ppellant waived any error due to the court's failure to give curative instructions by not requesting curative instructions when the objection was sustained. [Cits.]" *Price v. State*, 204 Ga. App. 288, 289 (1) (419 SE2d 126). Accord *Campbell v. State*, 207 Ga. App. 902, 903 (1) (429 SE2d 538).

3. The trial court did not err in admitting into evidence the circumstances surrounding defendant's arrest. *Coney v. State*, 198 Ga. App. 272, 273-274 (3) (401 SE2d 304).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MARCH 23, 1994.

*Cowart & McCullough, Hugh J. McCullough*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.