## A94A1104. SPEARS v. THE STATE.
### (444 SE2d 152)

BLACKBURN, Judge.

Jermarco Spears appeals his conviction by a jury of three counts of trafficking in cocaine. Spears contends that the trial court erred in failing to grant his motion for mistrial.

During the cross-examination of the police informant, by Spears' counsel, the witness loudly questioned Spears' counsel. The transcript contains the following exchange: Witness: "Are you the attorney that put a hit on me?" Spears' attorney responded: "Sir?" Witness: "Are you the attorney that went down to Club Nikki's?" Spears' attorney then asked the court for a motion outside the presence of the jury. However, before the jury left, the witness asked, "Did you have a hit man looking for me?" Thereafter, the jury left and Spears' counsel argued for a mistrial. The trial court denied the motion and gave the jury the following curative instruction: "Ladies and Gentlemen, before we recessed briefly, there was a couple of questions propounded by the witness to counsel for the accused. Of course, it's inappropriate for a witness to ask an attorney questions. And the nature of the questions are such that I wanted to ask you, first, are any of you by virtue of having heard the questions — are there any of you that would be in any way prejudice or bias [sic] against the Defendant in this case? I'm going to ask you to put those questions out of your mind and give no consideration whatsoever to the questions that were propounded by the witness to counsel. Are there any of you that cannot follow that instruction and put those questions out of your mind and give them no weight of consideration? . . . Let the record reflect that we have no response from the jury."

Spears contends that the witness' questions put his character in issue and that its admission was so prejudicial as to require the grant of a mistrial. We do not agree. Assuming arguendo that the witness' questions to Spears' counsel regarding the attorney's conduct placed Spears' character in issue, we do not agree that the questions were so prejudicial that the trial court's curative instructions were ineffective. See *Rivais v. State*, 192 Ga. App. 226 (1) (384 SE2d 200) (1989). "Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. [Cits.]" *Holcomb v. State*, 130 Ga. App. 154, 155 (202 SE2d 529) (1973).

In the present case, the witness' questions were voluntarily made and were unresponsive to Spears' counsel's line of questioning; the questions were directed toward the attorney's actions, not toward

Spears' conduct or character; and the trial court properly instructed the jury that the questions were improper and should be disregarded. On these facts, we find that the trial court did not abuse its discretion in denying Spears' motion for mistrial.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 13, 1994.

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.