A94A2147. TONEY v. THE STATE.
(453 SE2d 813)

MCMURRAY, Presiding Judge.

Defendant was indicted for aggravated assault and kidnapping. The evidence adduced at a jury trial reveals that defendant abducted his estranged wife after a violent domestic dispute and held her captive for several hours while a law enforcement officer negotiated for the victim's release. The jury found defendant guilty on both counts of the indictment. However, the trial court merged the aggravated assault charge with the kidnapping charge and sentenced defendant to life in prison. This appeal followed denial of defendant's motion for new trial. *Held*:

1. In his first and second enumerations, defendant contends the trial court's jury instruction on "reasonable doubt" and "moral and reasonable certainty" eased the State's burden and thereby impaired his due process rights. This contention is without merit.

The trial court gave the same pattern jury instruction on presumption of innocence, burden of proof and reasonable doubt that was approved in *Brown v. State*, 264 Ga. 48, 49 (3a), 50 (441 SE2d 235). Specifically, the Supreme Court held that "[w]here . . . the jury charge properly defined reasonable doubt, a reference to a 'moral and reasonable certainty' did not lessen the burden of proof necessary to obtain a conviction, and therefore did not violate the Due Process Clause. *Bradford v. State*, 261 Ga. 833 (2) (412 SE2d 534) (1992); *McDuffie v. State*, 210 Ga. App. 112 (2) (435 SE2d 452) (1993); *Starr v. State*, 201 Ga. App. 73, 74 (410 SE2d 180) (1991). Cf. *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992)." (Footnote omitted.) Id.

2. Next, defendant contends "[t]he court erred by allowing the

State to speak for the court and incorrectly define reasonable doubt for the jury [during closing argument]." This enumeration of error presents nothing for review as defendant failed to object to that portion of the State's closing argument he now finds objectionable. *Williams v. State*, 251 Ga. 749, 801 (14) (312 SE2d 40).

3. Citing *Williams v. State*, 261 Ga. 640, 641-643 (409 SE2d 649), defendant contends the trial court erred in allowing evidence of vulgar and life threatening telephone messages he left on the victim's telephone answering machine less than a week before commission of the crimes charged. Defendant argues that these tape records were "admitted for the improper purpose of showing [his] propensity for violence and improperly placed his character at issue before the jury." Defendant also argues that "the trial court failed entirely to balance the relevance of the alleged prior difficulties against the prejudicial impact of the evidence." We find no basis for this enumeration because defendant did not assert the same arguments in the trial court.

At a pretrial hearing to determine the admissibility of the similar transaction evidence, defendant argued that the tape recordings were "irrelevant to the case" because the messages cannot be characterized as "threats." When the State offered the tape recordings into evidence at trial, defense counsel merely renewed his prior objection. "It follows that defendant waived the evidentiary issue discussed in *Williams* [*v. State*, 261 Ga. 640, supra] and *Stephens* [*v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483),] and that that issue was not preserved for appellate review. Compare *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) with *Riddle v. State*, 208 Ga. App. 8 (1) (430 SE2d 153)." *Woods v. State*, 212 Ga. App. 544 (1), 545 (442 SE2d 22). See *Walker v. State*, 208 Ga. App. 690, 692 (2) (431 SE2d 459).

4. In his final enumeration, defendant challenges the trial court's finding that his trial attorney was not ineffective.

Pursuant to the second part of the two-prong test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674), for measuring a claim of ineffective assistance of counsel, defendant must show that the alleged deficient performance of his trial attorney actually prejudiced his defense. See *Concepcion v. State*, 205 Ga. App. 138, 139 (421 SE2d 554). In this regard, defendant argues that his trial counsel's failure to "preserve objections to the charge prevents [him] from addressing the errors on appeal." Since we have addressed the only challenge defendant raised in this appeal to the trial court's jury instructions, this argument provides no basis for overturning the trial court's denial of defendant's motion for new trial based on ineffective assistance of counsel.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 7, 1995.

*Megan C. De Vorsey*, for appellant.

*Lewis R. Slaton, District Attorney, Herman L. Sloan, Vivian D. Hoard, Assistant District Attorneys*, for appellee.