A95A0763. YOUNG v. THE STATE.
(458 SE2d 391)

RUFFIN, Judge.

Steven Young a/k/a Kevin Bell was convicted of aggravated assault and burglary and appeals following the denial of his motion for a new trial.

1. Young argues that the trial court erred in failing to grant his motion for a mistrial after a witness, Terry Johnson, testified Young had previously been in trouble with the police. Young argues this testimony impermissibly placed his character in issue and was not rectified by the court's curative instructions. We disagree.

During Johnson's redirect examination, the State asked him about his references during cross-examination to an individual named Stevie. Johnson pointed to Young and testified that Stevie Young and Kevin Bell were the same person and that he and Young had created the fictitious name. When asked by the State whose idea it was to change Young's name to Kevin Bell, Johnson responded "[n]o, we just called him that. No. We — when he came down here, he say he was in trouble, so we ain't want the police to know what happened." Young then moved for a mistrial, arguing that his character had been impermissibly placed into evidence. The court denied the motion and instructed the jury that they were to disregard the response and draw no inferences whatsoever from it.

Young contends the court erred in failing to grant a mistrial because this testimony about his prior troubles with the police left a lasting impression on the jury which could not be remedied by a curative instruction. We disagree and do not find that Johnson's response was so prejudicial that the court's curative instructions were ineffective. "Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned." (Citations and punctuation omitted.) *Spears v. State*, 213 Ga. App. 235 (444 SE2d 152) (1994).

Here, Johnson's answer was nonresponsive, and the trial court instructed the jury that they were to disregard the response and draw no inferences whatsoever from it. Given these facts, we find that the trial court did not abuse its discretion in denying Young's motion for a mistrial. See *Eagle v. State*, 264 Ga. 1 (2) (440 SE2d 2) (1994) (no abuse of discretion in denying mistrial because nonresponsive answer

did not place defendant's character in issue).

Young's appellate brief alludes to several other instances when Johnson testified about Young's previous troubles with the police, three of which he fails to identify. Such argument cannot serve to enlarge this enumeration of error to encompass issues not contained in the original enumeration. *Burton v. State*, 212 Ga. App. 100 (1) (441 SE2d 470) (1994).

Finally, Young argues that the court erred in denying the motion because the State elicited this testimony after withdrawing its notice of intent to present evidence of similar crimes pursuant to Uniform Superior Court Rule 31.3 (C). There is no evidence, however, that the State attempted to introduce evidence of similar transactions, and Young did not object to Johnson's response on this ground. Accordingly, this argument presents nothing for review. See, e.g., *Woods v. State*, 212 Ga. App. 544 (1) (442 SE2d 22) (1994).

2. Young contends the trial court erred in ruling that he placed his character in issue by his own testimony and consequently in allowing the State to impeach him with evidence of a prior conviction. However, the record demonstrates that not only did Young's attorney fail to object to the trial court's ruling on this issue, he actually acquiesced in the court's judgment that Young had "opened the door" to such impeachment. "[A] litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. Acquiescence deprives him of the right to complain further." (Citations and punctuation omitted.) *Watkins v. State*, 206 Ga. App. 701, 705 (4) (426 SE2d 238) (1992). Moreover, an error blended with blame by Young affords no grounds for reversal.

3. Young also contends that the State's method of impeaching him was improper in two respects. Although Young quotes many pages of the transcript in Part One (Statement of Facts) of his brief, he fails in the argument portion of the brief to cite where in the record the alleged error occurred. Further, he contends that his attorney repeatedly objected to the method of impeachment, without ever showing us where the alleged error was actually preserved as required by Court of Appeals Rule 27 (a) (1). Nonetheless, we have examined the record to determine if there was error. The first impeaching questions Young complains of, which concerned whether he was being investigated by Miami police, were never objected to by his attorney and thus will not be reviewed. See id.

Young also complains that the court admitted a copy of a prior drug conviction over the continuing objection of his attorney. But the record demonstrates that when Young's attorney initially objected to admission of the conviction, he could not articulate a basis for the objection. See *Price v. State*, 204 Ga. App. 288 (1) (419 SE2d 126) (1992) (objections to evidence not raised at trial will not be consid-

ered on appeal). Moreover, when the State later sought to introduce the conviction, the attorney specifically agreed to its admission without objection. Accordingly, this enumeration is also without merit. See *Watkins*, supra.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JUNE 12, 1995.

*M. Ross Becton, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lori E. Tepper, Assistant District Attorney*, for appellee.