A95A2703. PARKER v. THE STATE.
(469 SE2d 410)

ANDREWS, Judge.

Anthony Parker was convicted by a jury of aggravated sodomy, possession of a firearm during the commission of a crime, two counts of aggravated assault, and two counts of simple battery. He appeals from the judgment entered on the convictions.

All of the charges stemmed from a series of incidents which occurred at the victim's house on the evening of June 28, 1990. The victim testified that Parker, her boyfriend at the time, violently attacked her and threatened to kill her. She testified that Parker repeatedly struck her in the face with his fists, choked her, threatened to stab her through the heart with a pair of scissors, and held a gun to her head while threatening to kill her. The victim further testified that, immediately after these events, and while the gun was within his reach, Parker forced her against her will to put his penis in her mouth.

Physicians who examined the victim shortly after the attack testified that she had contusion and abrasion injuries to her head and face and tenderness around her neck. A police officer testified that he observed the victim at the hospital the evening of the attack and that her face was swollen. The State also produced similar offense evidence and evidence of prior difficulties between the victim and Parker. Parker testified and denied all the charges. He claimed the victim received her injuries when she got into a fight with another woman at a local grocery store.

1. On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and the evidence is viewed in a light most favorable to the verdict. *Grier v. State*, 218 Ga. App. 637, 638 (463 SE2d 130) (1995). This Court does not assume the jury's role as factfinder by weighing the evidence or by determining the credibility of witnesses, but only determines whether the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), for a rational trier of fact to find Parker guilty of the charged offenses beyond a reasonable doubt. The evidence was sufficient under this standard to support Parker's conviction on all the charges. Id.

2. Parker claims his Sixth Amendment right to assistance of counsel was violated when, after he completed his direct testimony at the conclusion of proceedings on a Friday afternoon, the trial court ordered defense counsel not to consult with him about his ongoing testimony during the weekend recess of the trial.

In *Geders v. United States*, 425 U. S. 80 (96 SC 1330, 47 LE2d 592) (1976), the Supreme Court held that the defendant's Sixth Amendment right to assistance of counsel was denied by a court order prohibiting any consultation between the defendant and his attorney during an overnight recess which occurred during the defendant's ongoing testimony. In *Perry v. Leeke*, 488 U. S. 272 (109 SC 594, 102 LE2d 624) (1989), however, the Supreme Court decided the *Geders* rule did not apply to a similar order entered by the trial court prior to a brief 15-minute recess taken during the defendant's ongoing testimony. In *Perry*, the Court stated that the defendant there had no constitutional right to confer with defense counsel to discuss his ongoing testimony and held that "just as a trial judge has the unquestioned power to refuse to declare a recess at the close of direct testimony — or at any other point in the examination of a witness — we think the judge must also have the power to maintain the status quo during a brief recess in which there is a virtual certainty that any conversation between the [defendant] witness and the lawyer would relate to the ongoing testimony." Id. at 283-284. The rule is designed to prevent unethical "coaching" or other improper influence on the witness during ongoing testimony. Id. at 282-283. Accordingly, the Court in *Perry* found that the order prohibiting consultation between the defendant and his attorney during the brief recess did not violate the defendant's Sixth Amendment right to assistance of counsel. In so holding, the Court noted that the contrary holding in *Geders* was based on a concern that during a long recess any consultation between the defendant and defense counsel would normally encompass matters beyond the defendant's ongoing testimony, which the defendant had a constitutional right to discuss with his attorney. Id. at 284. The Court in *Perry* concluded that: "It is the defendant's right to unrestricted access to his lawyer for advice on a variety of trial-related matters that is controlling in the context of a long recess. [*Geders*, supra at 88]. The fact that such discussions will inevitably include some consideration of the defendant's ongoing testimony does not compromise that basic right." *Perry*, supra at 284.

Here, in response to a motion by the prosecutor, the trial court prohibited consultation between Parker and his attorney over the weekend recess only with respect to Parker's ongoing testimony. Since the order applied to a weekend recess, the *Geders* rule applicable to consultation during long recesses controls. Assuming the *Geders* rule provides for unrestricted access even as to the defendant's ongoing

testimony, there is nothing in the record showing that Parker or his attorney indicated a desire to confer over the weekend recess but were prevented from doing so by the trial court's order. In fact, defense counsel made no objection to the motion and told the trial court there were no plans for any consultation between him and Parker over the weekend recess. "We conclude that a defendant or the defendant's counsel must indicate, on the record, a desire to confer in order to preserve a deprivation of assistance of counsel claim." *Crutchfield v. Wainwright*, 803 F2d 1103, 1109 (11th Cir. 1986). In the absence of any such indication, we find no deprivation of the defendant's Sixth Amendment right to assistance of counsel. Parker's testimony at the motion for new trial hearing that he wanted to confer with defense counsel over the weekend recess was given long after the fact and does not serve to resurrect this claim.

3. Parker claims the trial court erred when, during jury deliberations, the jury sent a written question to the court, and the court sent a written response to the jury without consulting defense counsel.

The record contains a copy of a written note from the jury asking whether or not they could have Parker's written statement as evidence and a written response from the trial court stating: "No — the statement in written form cannot be given to you." There is no transcript of the proceedings relating to this inquiry and response, and nothing is in the record showing whether or not the trial court brought the jury's inquiry to the attention of defense counsel. At best, the testimony and colloquy at the hearing on the motion for a new trial showed a lack of recollection as to these events.

Parker has the burden on appeal to show error by the record. *State v. O'Quinn*, 192 Ga. App. 359, 360 (384 SE2d 888) (1989). The record was not supplemented by any of the methods provided in OCGA § 5-6-41 to establish the facts relating to this claim. Since the record is not sufficient for consideration of this enumeration, we find no error.

4. Parker claims the trial court erroneously admitted evidence of similar transactions.

The trial court conducted a pre-trial hearing at which the State made an affirmative showing establishing the admissibility of prior similar offenses committed by Parker against three of his ex-girl friends. The only objection made by Parker prior to trial was that the prior offenses were not sufficiently similar to the present offenses. Since no objection was made when the similar transaction evidence was introduced at trial, this claim was waived. *Hunter v. State*, 202 Ga. App. 195, 197-198 (413 SE2d 526) (1991). In any event, there was sufficient similarity between the prior offenses admitted by the trial court and the crimes charged such that proof of the former tended to prove the latter. *Campbell v. State*, 263 Ga. 824, 825 (440 SE2d 5)

(1994); *Obiozor v. State*, 213 Ga. App. 523, 526 (445 SE2d 553) (1994). We will not address other claims of error made on appeal but not raised in the trial court.

5. Parker claims the trial court erred by admitting evidence of prior difficulties between him and the victim.

We find no error. In the first place, since no objection was made at trial when this evidence was introduced, any such claim was waived. *Toney v. State*, 216 Ga. App. 240, 241 (453 SE2d 813) (1995). Even if these claims had been preserved for appellate review, there is no merit to Parker's claim that admission of prior difficulties evidence is limited to murder cases (*Sloan v. State*, 214 Ga. App. 784, 785 (449 SE2d 328) (1994)), and no merit to the claim that the requirements of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), were not complied with in the introduction of prior difficulties and similar transactions evidence. See *Maxwell v. State*, 262 Ga. 73, 74-75 (414 SE2d 470) (1992). This case was tried in 1990 prior to the *Williams*, supra, decision which, nevertheless, is given retroactive effect. *Ramirez v. State*, 205 Ga. App. 217, 218 (422 SE2d 3) (1992). Even if the trial court did not make specific rulings on the record that each of the elements enunciated in *Williams* for admission of the evidence was satisfied, there was no harmful error because the evidence was sufficient for the trial court to have concluded that the *Williams* requirements were satisfied. *Morales v. State*, 210 Ga. App. 414, 416 (436 SE2d 528) (1993).

6. Parker claims his convictions must be reversed because his trial counsel was ineffective in: (a) failing to object to character evidence; (b) failing to investigate the crime scene; (c) failing to prepare him to testify; (d) failing to object to or investigate the chain of custody of certain evidence; (e) failing to investigate or defend against similar transaction and prior difficulties evidence; (f) failing to object to the trial court's order prohibiting him from consulting with counsel; (g) failing to present mitigating evidence during the sentencing portion of the trial; (h) failing to discover and object to the trial court's response to a note from the jury; (i) failing to call witnesses mentioned in the opening statement; (j) improperly waiving and otherwise failing to ensure his presence at critical stages of the trial; and (k) failing to object to the trial court's improper charges and comments on the evidence.

The Sixth Amendment right to assistance of counsel also guarantees a criminal defendant the right to effective assistance of counsel. *Black v. State*, 264 Ga. 550 (448 SE2d 357) (1994). In order to obtain the reversal of a conviction on a claim of ineffectiveness of counsel, a defendant has the burden of proof under both prongs of the test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Zant v. Moon*, 264 Ga. 93, 97 (440 SE2d 657)

(1994). Under *Strickland,* supra, the defendant must prove: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. In determining whether or not counsel's performance was deficient under the first prong, a court must measure counsel's performance against an objective standard of reasonableness in light of all the circumstances and apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. *Strickland,* supra; *Smith v. Francis,* 253 Ga. 782, 783 (325 SE2d 362) (1985). Under the second prong, the test is whether there was a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficient performance. Id. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous." *Williams v. State,* 214 Ga. App. 106 (446 SE2d 789) (1994). We apply these standards to each of the claims of ineffectiveness.

As to the claim that trial counsel failed to object to the admission of improper evidence of Parker's character, we find no citation of authority, no argument, and no reference to the record addressed to this claim. Accordingly, we deem this claim abandoned. Court of Appeals Rule 27 (c). To the extent Parker may be generally referring to the admission of similar transaction and prior difficulties evidence, this evidence was properly admitted, and there is no merit to the claim. See Divisions 4 and 5.

Parker claims trial counsel failed to investigate the crime scene and, thus, failed to determine whether the physical condition of the premises supported the victim's testimony that she was violently attacked. The victim testified that Parker damaged some items in her house months prior to the present attack and that, during the present attack, she bled on the carpet when her finger was cut. Even if trial counsel could have conducted a more complete investigation, we find no basis for reversing the convictions on the possibility that an investigation of the victim's house may have shown the absence of damage which occurred months prior to the present charges or the absence of blood on the floor from the cut sustained by the victim. There was no showing that trial counsel's investigation fell below an objective standard of reasonableness, or, even if it did, that there was a reasonable probability that the outcome of the case would have been different but for the alleged deficiencies.

Parker claims trial counsel failed to prepare him to testify. Defense counsel testified at the hearing on the motion for a new trial that he met with Parker four times prior to trial for at least five hours during which he discussed defense strategy and Parker's testimony. We find no merit to this claim of ineffectiveness.

As to the claim that defense counsel failed to object to or investi-

gate the chain of custody of certain evidence, Parker has provided no references to the record, no substantive argument, and no citation of authority in support of this claim. Accordingly, it is deemed abandoned. Court of Appeals Rule 27 (c).

Parker claims trial counsel failed to investigate or defend against similar transaction and prior difficulties evidence. The only citation to the record and argument made by Parker in support of this claim relates to his assertion at the motion for new trial hearing that trial counsel failed to investigate and raise the fact that one of his ex-girl friends, who gave similar transaction testimony about a prior assault, initially lied to the police about an incident involving him. Parker claims trial counsel should have obtained the testimony of the police officers involved to impeach the witness. There is no merit to this ineffectiveness claim. Defense counsel used the police report on cross-examination of the witness to demonstrate that she lied to the police, and Parker did not demonstrate that testimony from the police officers would have added anything further.

Parker claims trial counsel was ineffective for failing to object to the trial court's order prohibiting him from consulting with counsel over the weekend recess about his ongoing testimony. Even if defense counsel could have objected and argued that Parker was entitled to unrestricted access to counsel over the weekend recess (see Division 2), there is no indication in the trial record that there was any desire or request for any such communication over the weekend recess. Accordingly, there has been no showing that any such deficiency had the effect of denying access to counsel or that there was a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficient performance.

Parker claims trial counsel was ineffective in failing to present mitigating evidence during the sentencing phase of the trial. Although defense counsel offered no witnesses, he called the court's attention to evidence that Parker had two children, that he had been working and had been educated through two years of college, and that he had earned an honorable discharge after serving three years in the United States Marine Corps. Parker testified at the sentencing phase that he did not commit any of the offenses for which he had just been convicted. At the hearing on his motion for new trial, Parker testified that he had family members, friends, or employers who could have testified in mitigation of his sentence about "what kind of person I am in relationships . . . knowing I work . . . my conduct in the community . . . anything to show that [I am] not as bad a person as the State's portraying [me] to be . . . [and] the kind of person I am in general." The trial judge who sentenced Parker heard this description of the mitigating evidence Parker said should have been presented and found no basis for concluding that counsel was ineffective. We

find no reason to conclude this decision was clearly erroneous. See *Baines v. State,* 201 Ga. App. 354, 355 (411 SE2d 95) (1991).

Parker claims trial counsel was ineffective for failing to discover and object to the trial court's response to a note from the jury. In the absence of any transcript of the proceedings related to this claim and the lack of any record established pursuant to OCGA § 5-6-41, the record is not sufficient to address the claim. See Division 3.

Parker contends trial counsel promised in the opening statement to present testimony from a witness who was never called to testify. The witness at issue was a person Parker said might have assaulted the victim. Trial counsel testified at the new trial hearing that he was unable to locate this witness despite using a private investigator, that he never mentioned the witness in opening statement, and he never stated he would call him as a witness. The opening statements of counsel were not part of the record. Parker also claims trial counsel was ineffective for failing to call the victim's next door neighbor as a witness because she could have corroborated Parker's claim that no physical altercation occurred between him and the victim. Parker did not produce this witness at the new trial hearing to substantiate this claim, and the witness's statement given to defense counsel prior to the trial and defense counsel's testimony at the new trial hearing about the witness indicated that the witness had a vague recollection of the events and could not say whether or not the man she saw was Parker. There is no basis for reversing the trial court's conclusion that trial counsel was not ineffective for failing to call these witnesses.

Parker claims trial counsel improperly waived and otherwise failed to ensure his presence at critical stages of the trial. The record reflects that, during a break in the trial, it was brought to the trial court's attention that, while a juror was using the telephone, he may have had the opportunity to hear some comments about the case. With defense counsel and the prosecutor present, the trial court asked the juror if he had heard any comments about the case while he was using the phone and the juror replied that he had not heard anything. Parker was not present when the juror was questioned because defense counsel waived his presence. Pretermitting whether this brief exchange was a critical stage at which Parker had a right to be present, we find no basis for concluding that defense counsel's failure to insist on Parker's presence had any reasonable probability of causing a different outcome in the case. Parker also testified from memory that he believed he was not present when the trial court questioned the jury about the status of ongoing deliberations. Given defense counsel's testimony that he had no recollection of Parker's absence during that period, and the lack of any support in the record for Parker's claim that he was not there, we find no error in the trial court's ruling that counsel was not ineffective on this basis.

Although Parker also claims trial counsel was ineffective for failing to object to the trial court's charges to the jury and alleged comments on the evidence, he provides no argument, citation of authority, or references to the record in support of these claims. They are deemed abandoned. Court of Appeals Rule 27 (c).

7. Parker's claim that his constitutional rights were violated when the trial court sentenced him to life imprisonment on the aggravated sodomy conviction were raised for the first time in his motion for new trial. These claims "cannot be raised for the first time in a motion for new trial but must be made at the first opportunity, either in pleadings, objections to evidence, or in some other appropriate way pending the trial." *Woods v. State*, 222 Ga. 321 (149 SE2d 674) (1966). Since these constitutional claims were not timely raised and ruled upon by the trial court, they conferred no jurisdiction upon the Supreme Court and present nothing for appellate review in this Court. *Harper v. State*, 213 Ga. App. 611, 612 (445 SE2d 300) (1994); *Maynard v. State*, 217 Ga. App. 344, 345 (457 SE2d 253) (1995).

8. Parker claims the trial court erroneously allowed the State to improperly place his character into evidence.

During the State's direct examination of the witness, in response to a question from the prosecutor about how many times a week Parker would call her, the witness testified that Parker "had a history of violence [and] had recently gotten out of jail." Defense counsel objected and moved for a mistrial. The trial court denied the motion for a mistrial and immediately instructed the jury to disregard those comments by the witness. The trial court did not abuse its discretion in determining that a mistrial was not necessary under the circumstances to preserve Parker's right to a fair trial. *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982).

9. Parker contends his right to due process, equal protection, confrontation, effective appellate counsel, and direct appeal were violated because the transcript of the proceedings in the trial court does not fully and accurately reflect what occurred below. Appellate counsel has abandoned most of these claims by failing to support them with argument or citation of authority. Court of Appeals Rule 27 (c). Nevertheless, this enumeration of error has no merit. Since Parker, through his appellate counsel, has not attempted to establish what he claims the record should reflect by any of the methods provided in OCGA § 5-6-41, we will not presume error. See *Southerton v. State*, 205 Ga. App. 366, 367 (422 SE2d 251) (1992).

10. Parker claims the trial court erroneously allowed a physician to testify over defense objection as to statements made by the victim to him during his examination of the victim at the hospital in which the victim described the attack and stated Parker was the attacker. There was no error. "[W]here the veracity of a witness is at issue, and

that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible." *Edwards v. State*, 255 Ga. 149, 151 (335 SE2d 869) (1985); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

11. Parker claims the trial court erroneously admitted an audio tape of threatening telephone messages the victim claimed Parker left on her answering machine. He claims no proper foundation was laid for admission of the tape, the admitted tape was incomplete and inaccurate because parts of it were unintelligible, and the complete tape was not admitted.

As to the claim that portions of the tape were unintelligible, this objection was not made in the trial court and will not be considered for the first time on appeal. The only objection made by defense counsel at trial to the admissibility of the tape was that the trial court should have admitted not only the portion of the tape reflecting numerous messages the victim testified were left by Parker, but also a subsequent message on the same tape left by another man stating he would like to meet with the victim. Defense counsel argued that the subsequent message was relevant for purposes of impeaching the credibility of the victim by showing that another man had called her. As the victim had never contended otherwise, we find no error in the trial court's conclusion that the subsequent message was not relevant for this purpose. The trial court correctly concluded that a proper foundation was laid for admission of the recorded messages. *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207, 211-212 (88 SE2d 167) (1955).

12. Parker claims the trial court erred in conducting a critical stage of the trial when he was not present.

A question was raised as to whether a juror who was making a telephone call during a break in the trial may have had the opportunity to overhear comments about the case. The trial court conducted a brief hearing at which only the juror, the prosecutor, and defense counsel were present. The trial court asked the juror if he had heard any comments about the case, and the juror said he had heard nothing about the case. Parker was not present at the brief hearing. The record reflects that, prior to asking the juror the question, the following colloquy occurred between the trial court and defense counsel: "Defense Counsel: And we need Mr. Parker. Trial Court: Oh, yes. Where is he? . . . Would you waive Mr. Parker's presence at this point? Or would you rather have him here? Defense Counsel: I'll waive it."

"It is the legal right of a person accused of a crime in this State to be present at all stages of his trial. . . ." *Wilson v. State*, 212 Ga. 73, 74 (90 SE2d 557) (1955). Although a defendant can personally waive this right, in order for a waiver by the defendant's counsel to be

binding on the defendant, defense counsel's waiver must be made in the defendant's presence, or by the defendant's express authority, or the defendant must subsequently acquiesce in the waiver. Id. at 77-78.

Parker testified at the new trial hearing that he was not present at the brief hearing and that he did not give defense counsel permission to waive his presence. Defense counsel was questioned at the hearing about the waiver of Parker's presence and was asked if he brought the colloquy he had with the court to Parker's attention after he returned. Defense counsel testified that since it was his normal policy to ensure the defendant's presence at all times, he would have informed Parker of what happened when he returned. Parker did not contradict defense counsel's testimony. Accordingly, there was evidence upon which the trial court could conclude that defense counsel immediately informed Parker that the trial court requested and counsel agreed to waive his presence at the brief hearing. There is no evidence that Parker subsequently indicated any objection to the waiver until he raised the issue in his motion for new trial. Pretermitting whether this brief hearing was a critical stage of the trial at which Parker had a right to be present (see *Smith v. State*, 209 Ga. App. 699, 700 (434 SE2d 528) (1993); *Stone v. State*, 177 Ga. App. 750, 751 (341 SE2d 280) (1986)), we find the evidence was sufficient to support a finding that Parker knew about the hearing and the waiver and acquiesced in the waiver by failing to repudiate it at the first opportunity. See *Allen v. State*, 199 Ga. App. 365, 368 (405 SE2d 94) (1991); *Wilson*, supra at 78. Accordingly, the denial of the motion for new trial on this basis should not be disturbed. *Allen*, supra at 368.

13. Parker contends the trial court erroneously ignored the requirements of OCGA § 17-10-2 during the pre-sentencing hearing.

He does not contend the State failed to notify him of its intention to use three prior convictions in aggravation of punishment. Nevertheless, he claims the trial court erred in considering the convictions at the sentencing hearing because, after being tendered by the State, they were not formally admitted into evidence. Although apparently through inadvertence the tendered exhibits were not formally admitted, Parker did not object, they are a part of the record on appeal, and they were apparently treated as evidence at the sentencing hearing. Under these circumstances, we find no error in the trial court's consideration of the prior convictions. *Bryson v. State*, 210 Ga. App. 642, 644 (437 SE2d 352) (1993); *Clayton v. State*, 149 Ga. App. 374, 375 (254 SE2d 495) (1979). Contrary to Parker's contentions, there was no error in the trial court's consideration of any evidence properly admitted in the guilt-innocence phase of the trial in determining the sentence. *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592) (1985).

14. There is no merit to Parker's contention that the offenses of

aggravated assault by use of a handgun and aggravated sodomy merged as a matter of fact. The evidence clearly shows the commission of two separate and distinct offenses — aggravated assault when Parker placed the gun to the victim's head and threatened to kill her, followed by aggravated sodomy when Parker put the gun down and forced the victim to put his penis in her mouth. *Gilbert v. State*, 176 Ga. App. 561, 562 (336 SE2d 828) (1985); *Taylor v. State*, 202 Ga. App. 671 (415 SE2d 483) (1992). Parker has abandoned his claim that the two crimes merged as a matter of law. Court of Appeals Rule 27 (c).

15. Parker contends the trial court erroneously used the phrase "to a moral and reasonable certainty" in its charge to the jury dealing with reasonable doubt. The trial court gave the same charges during this 1990 trial which were later disapproved in *Vance v. State*, 262 Ga. 236, 237-238 (416 SE2d 516) (1992). Although the better practice is to omit any references to a "moral and reasonable certainty," there was no reversible error because the charge viewed in its entirety "repeatedly and accurately conveyed to the jury the concept of reasonable doubt." Id. at 237; *Caldwell v. State*, 263 Ga. 560, 563-564 (436 SE2d 488) (1993); *Armstrong v. State*, 265 Ga. 18, 19 (453 SE2d 442) (1995).

16. Parker claims the trial court: (a) improperly made comments to the jury which expressed an opinion in the case in violation of OCGA § 17-8-57, and (b) erroneously charged the jury on evidence of prior difficulties just prior to the introduction of this evidence during the course of the trial.

Parker's claim that the trial court commented on the victim's testimony in a manner that violated OCGA § 17-8-57 by expressing an opinion as to what had been proved or as to Parker's guilt is patently without merit. The record shows that, as an introduction to the court's instructions to the jury on evidence of Parker's prior difficulties with the victim, the trial court simply reminded the jury that they had heard testimony from the victim about events presently at issue. There was no error.

Since no objection was made in the trial court to the instructions given immediately prior to introduction of the prior difficulties evidence, this claim cannot be raised for the first time on appeal. *Harrison v. State*, 213 Ga. App. 366, 367 (444 SE2d 613) (1994).

17. Parker claims the trial court: (a) committed error in its instructions to the jury on similar transaction evidence given immediately prior to the admission of this evidence during the course of the trial, and (b) erred in refusing to give his request to charge no. 5 on similar transactions during the court's instructions to the jury after the close of the evidence.

Since no objection was made in the trial court to the instructions

given immediately prior to introduction of the similar transaction evidence, this issue cannot be raised for the first time on appeal. *Harrison,* supra at 367.

The trial court adequately charged the jury after the close of evidence as to consideration of the similar transaction evidence. Accordingly, there was no error in the court's refusal to give Parker's requested charge.

18. Contrary to Parker's contentions, the trial court did not err by giving the State's requested charges on similar transactions which Parker admits were correct statements of the applicable law.

19. Parker contends the trial court failed to instruct the jury to separately consider his guilt or innocence on each offense charged in the indictment.

There is no merit to this claim. The trial court instructed the jury as to the elements of each offense Parker was charged with under each count of the indictment. The court also instructed the jury that it must consider each count of the indictment individually and that the State had the duty of proving Parker's guilt beyond a reasonable doubt as to each of the separate counts.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 21, 1996 —

*Zion, Tarleton & Siskin, Jonathan J. Wade,* for appellant.

*J. Tom Morgan, District Attorney, Desiree L. S. Peagler, Gregory J. Lohmeier, Robert M. Coker, Assistant District Attorneys,* for appellee.