## 63160. PAULK v. THE STATE.

BANKE, Judge.

The defendant was convicted of armed robbery. He appeals the denial of his motions for directed verdict and for a new trial, contending that the evidence was insufficient to show either that the victim's money was taken or that he was the perpetrator. *Held:*

The evidence was sufficient to authorize the jury to find that the money was taken. The victim testified that the appellant confronted her with a pistol in her grocery store while his accomplice held a gun on her assistant, that there was approximately $1,000 in her cash register before the occurrence, and that she gave no one permission to take her property. She also testified that the defendant "went into my store on Friday night and robbed my store." She was asked, "Have you seen . . . any of your currency or money that was taken from your store that night since then?" and she answered that she had not. The clear import of this testimony is that the money was taken.

"The trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. Code Ann. § 27-1802 (a); *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973)." *Sims v. State,* 242 Ga. 256, 257 (248 SE2d 651) (1978). A verdict of acquittal was not demanded on the evidence provided. We have examined the transcript and conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1982 —
REHEARING DENIED JANUARY 27, 1982.

*William V. Evans,* for appellant.

*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.