## 65555. MILLWOOD v. THE STATE.

BIRDSONG, Judge.

Appellant was tried and convicted of delivery and distribution of marijuana in violation of OCGA § 16-13-30 (Code Ann. § 79A-811) of the Georgia Controlled Substances Act. He enumerates seven errors in this appeal.

1. The first enumeration of error challenges the ruling of the trial court allowing the prosecuting witness S. A. Akers to remain in the courtroom. Counsel for the state represented that Akers was "the main prosecuting witness in this case, and he is essential to my presentation of the case." "Under these circumstances, there was no abuse of discretion by the trial judge [in permitting Akers to remain in the courtroom]." *Hall v. State,* 239 Ga. 832 (3) (238 SE2d 912).

2. Appellant's second enumeration of error challenges the trial court's denial of his motion for a directed verdict of acquittal, which was based on the alleged failure of the state to prove possession of marijuana by appellant. We have reviewed the entire record and conclude that there was ample evidence from which any rational trier of fact could have concluded that appellant was guilty of every

essential element of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court properly denied the motion for directed verdict. *Paulk v. State,* 161 Ga. App. 89 (289 SE2d 257).

3. Appellant excepts to the trial court's decision to allow Akers to testify that in his opinion the substance seized was marijuana. Akers testified that he had received formal training in the identification of marijuana through the North Georgia Law Enforcement Academy and the Drug Enforcement Administration School in New Orleans, as well as through several seminars. He also testified to two years' experience on the MCS Narcotics Unit of the Cobb County Police Department during which time he has had at least 100 opportunities to evaluate whether substances were marijuana. Under these facts, we find no abuse of discretion on the part of the trial court in permitting Akers to give his opinion as to the identification of the purported marijuana admitted into evidence. *Cooksey v. State,* 149 Ga. App. 572, 573 (254 SE2d 892); *Loar v. State,* 142 Ga. App. 875, 876 (237 SE2d 237).

4. The fourth enumeration of error charges that the trial court erred in expressing an opinion as to the guilt of the accused in violation of OCGA § 17-8-55 (Code Ann. § 81-1104). This enumeration refers to two separate instances, one in which the court stated "[t]he object of all legal investigation is the discovery of the truth, isn't it?", and another in which the court stated "[t]hat is what we want is the truth." Both statements were made by the court in connection with rulings on evidentiary matters. Our review of the record and the context within which each remark was made does not reveal that the trial court was expressing an opinion about the guilt or innocence of the accused or even commenting on the evidence in violation of OCGA § 17-8-55 (Code Ann. § 81-1104). See *Hamilton v. State,* 91 Ga. App. 299 (3) (85 SE2d 557).

5. Appellant's fifth enumeration of error challenges the admission of a report from the state crime laboratory and a property control form from the MCS Narcotics Unit on the ground that both documents were inadmissible hearsay. It is clear that this enumeration is without merit. The persons with first hand knowledge of the contents of each document testified at trial, and the trial judge was authorized to conclude that each document was made in the regular course of business and that it was in the regular course of business to make each document. It was not error to admit either document. *Guardian of Ga. v. Granite Equip. Leasing Corp.,* 130 Ga. App. 514 (6) (203 SE2d 733). Furthermore, admission of the documents could not be harmful error in view of the fact that those with personal knowledge testified as to their content. See *Patrick v.*

*State,* 150 Ga. App. 266, 267 (257 SE2d 356), and cases cited therein.

6. The admission of the property control form was also excepted to on best evidence grounds. See OCGA § 24-5-4 (Code Ann. §§ 38-203, 38-205). The record discloses, however, that this exhibit was a carbon original, which is admissible as primary evidence. *Bldrs. Homes v. Wallace Pump &c. Co.,* 128 Ga. App. 779 (4) (197 SE2d 839). This enumeration is, accordingly, without merit.

7. Appellant's final enumeration of error asserts that he was denied his Sixth Amendment right to counsel when the court, after inquiring into the jury's numerical breakdown, recharged the jury as to the desirability of reaching a verdict outside the presence of appellant's counsel. Appellant contends that he did not waive his right to counsel either by his own actions or through the voluntary absence of his attorney.

We do not agree that the recharging of the jury outside the presence of appellant's counsel in this instance resulted in a denial of appellant's Sixth Amendment rights. The record shows that the charge took approximately three minutes and the court instructed the jury that appellant's counsel had been "excused" and that they were not to draw any inference from his absence. Appellant's counsel was later given the opportunity to except to the charge as given. The record reveals that the charge was given at 1:12 p. m. and that appellant's counsel had contacted the court at 12:30 p. m. and, according to the trial judge, indicated that he was "going to be present from then on, either in this courtroom or in [a nearby] courtroom." Although these facts are disputed by appellant's counsel in an affidavit attached to his brief, this affidavit is not part of the record and cannot be considered by this court on appeal.

This situation should be distinguished from that in *Wallis v. State,* 137 Ga. App. 457 (224 SE2d 91), wherein the defendant's motion for continuance was denied despite the failure of his attorney to appear for the call of the case, and that in *Carter v. State,* 190 Ga. 534 (9 SE2d 747) wherein the defense attorney's absence from the recharge of the jury was not voluntary. In view of counsel's voluntary absence from the courtroom, the brevity of the charge, appellant's failure to demonstrate any error in the charge given, and the opportunity afforded appellant's counsel to object to the charge and perfect the record in any manner he saw fit, we find no denial of appellant's Sixth Amendment rights. *Warren v. State,* 163 Ga. 176 (1) (135 SE 735); *Hargett v. State,* 151 Ga. App. 532 (260 SE2d 406).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 15, 1983.

*J. Alfred Johnson, Julian M. Treadaway,* for appellant.

*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney,* for appellee.