## A91A0646. LEWALLEN v. THE STATE.
### (406 SE2d 255)

SOGNIER, Chief Judge.

Anthony Michael Lewallen was convicted in Stephens County of two counts of child molestation and one count of aggravated child molestation arising from incidents involving his two stepdaughters, and he appeals.

1. Appellant first contends the State failed to prove venue in Stephens County for counts two and three, which charged appellant with two acts of molestation perpetrated upon T. W., the younger victim, because, he contends, the State did not establish whether the acts occurred in Georgia or Florida. The indictment charged appellant with committing the acts of molestation in November 1989. The evidence adduced at trial established that appellant, the victims, and the victims' mother resided in several locations within Stephens County except for a six-month period they spent in Florida during 1987. L. W., who was eight years old at the time of trial, testified that she saw appellant molest T. W. "downstairs" in their home, and evidence was adduced that the family lived in a two-story house in Stephens County in November 1989. Dee Ramsay, the social worker who investigated the allegations of sexual abuse and questioned the victims, testified that L. W. stated she observed appellant molest her younger sister while in their Stephens County apartment. Conversely, T. W., who was six years old at trial, testified that appellant molested her while the family lived in Florida.

Venue may be proved by circumstantial or direct evidence. *Johns v. State*, 239 Ga. 681, 682 (1) (238 SE2d 372) (1977). "The question of venue is to be decided by the jury and its decision as to venue will not be set aside where there is any evidence to support it." Id.; see *White v. State*, 193 Ga. App. 428, 429 (1) (387 SE2d 921) (1989). Given the testimony of L. W. and Ramsay, and considering the tender age of T. W., we hold there was evidence to support the jury's finding that venue properly lay in Stephens County, and accordingly we affirm the ruling below. See *White*, supra.

2. Appellant next maintains the trial court committed reversible error by improperly commenting on the testimony of L. W. While OCGA § 17-8-57 does compel reversal of the lower court judgment when the trial judge "express[es] or intimate[s] his opinion as to what has or has not been proved or as to the guilt of the accused," we find no such error was committed in this case. During his qualification of the witness, a child under the age of 14, the trial judge asked her whether she understood she was required to tell the truth and that she would be punished if she failed to do so. When the prosecutor began to ask specific questions concerning the alleged acts of molestation, L. W. hesitated over naming specific body parts and sexual acts. The court then intervened and stated, "you just go ahead and tell it. You won't be punished for telling what the truth is. You just go ahead and tell whatever . . . the answer to the question is."

Contrary to appellant's characterization, we do not find this statement to constitute an improper comment on appellant's guilt within the meaning of OCGA § 17-8-57 because the remark dealt with future testimony, not with statements already made. *Hamilton v. State*, 91 Ga. App. 299, 300 (3) (85 SE2d 557) (1954). The judge did not indicate that he believed the witness's version of the events was the true and correct one, but instead merely encouraged her to state the truth in answer to the question, whatever that response might be. Thus, this enumeration is without merit. See id.; accord *Millwood v. State*, 166 Ga. App. 292, 293 (4) (304 SE2d 103) (1983).

3. Appellant next enumerates as error the trial court's rulings sustaining the State's objections to questions he posed to Dee Ramsay on cross-examination.

(a) Appellant first contends the court erred by precluding him from questioning Ramsay concerning allegations that appellant's wife's brother molested the victims. Contrary to appellant's argument on appeal, the record reveals that he was not seeking to proffer evidence of past *false* accusations made by the victims as contemplated in *Smith v. State*, 259 Ga. 135, 136-137 (1) (377 SE2d 158) (1989). Nor was he seeking to introduce this evidence to show that the uncle, not appellant, committed the charged acts. *Burton v. State*, 191 Ga. App. 822 (2) (383 SE2d 187) (1989). Moreover, when the prosecutor objected to this line of questioning and then expanded his objection to a motion in limine to prevent appellant from raising any evidence concerning the actions of the uncle and any allegations against him, appellant's counsel responded that he had no objection to the motion. Thus, appellant waived his objection below and cannot now assert it on appeal. See *Hight v. State*, 195 Ga. App. 727, 730 (6) (394 SE2d 336) (1990). Accordingly, we find no error in the exclusion of this testimony.

(b) Ramsay testified that she was aware appellant was accused of

molesting the victims while the family lived in Florida. When appellant's counsel asked her on cross-examination whether she knew the outcome of the investigation, the prosecutor objected on grounds of relevance and hearsay, and the court sustained the objection. Since testimony concerning prior acts of molestation by appellant was admitted as evidence of appellant's bent of mind and course of conduct, see *Colquitt v. State*, 196 Ga. App. 817, 818 (2) (397 SE2d 164) (1990), appellant certainly was entitled to adduce evidence concerning the outcome of the investigation of such charges. It appears from the record that the court's ruling on the hearsay objection may have been premature because counsel was not permitted to establish whether Ramsay had personal knowledge of the information sought. However, this ruling, if error, was harmless because both appellant and his wife subsequently testified at length concerning the Florida allegations and the results of the investigation. Accord *Boyd v. State*, 168 Ga. App. 246, 251 (7) (308 SE2d 626) (1983).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 28, 1991.

*Neil A. Smith*, for appellant.

*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.