## A97A1904. WILCOX v. THE STATE.
### (493 SE2d 600)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of aggravated assault and possession of a firearm by a convicted felon. The State's proof reveals that defendant shot the victim through the lip and nostril during a domestic squabble which broke out at the victim's place of employment, a small eatery known as "Buster's Cafe." This appeal followed entry of defendant's conviction and sentence. *Held:*

1. In two enumerations of error, defendant challenges the sufficiency of the evidence.

At trial, the victim summarized the incident which is the basis of

the crimes charged during the following direct examination: "[THE STATE'S ATTORNEY:] Q. Did you see [defendant] at Buster's Cafe? A. Yes. Q. What happened when he came there? A. We talked, he left, came back, we argued, we got into a little tussle, I threw some water on him twice. He left again and then came back, he left, he called, he came back, and we got into another argument. He waved the gun at us behind the counter. I was coming from behind the counter with a brick, I picked up a brick on my way from behind the counter to hit him and he grabbed me. On the way out the door we sort of fell on the door and then we sort of fell. The gunshot went off, I jumped up and I was shot and I went to the hospital." Three eyewitnesses testified at trial and corroborated the victim's testimony. This evidence, and proof that defendant was a convicted felon when he shot the victim, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated assault and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends the trial court erred in denying his motion for mistrial, arguing that the victim impermissibly placed his character in issue at trial. Defense counsel asserted a motion for mistrial after the following testimony: "[THE STATE'S ATTORNEY:] Q. Tell the ladies and gentlemen of the jury about this episode where you say you told [Georgia Bureau of Investigation ("GBI")] Agent Watson that [defendant] didn't shoot you. [THE VICTIM:] A. I was in love and I didn't want him to go back to prison."

" 'The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to [a] fair trial. *Gassaway v. State*, 137 Ga. App. 653, 657 (224 SE2d 772); *Jones v. State*, 128 Ga. App. 885, 886 (198 SE2d 336). Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error.' *Bradham v. State*, 148 Ga. App. 89, 94-95 (250 SE2d 801)." *Grayson v. State*, 159 Ga. App. 138, 139 (1) (282 SE2d 755).

In the case sub judice, the trial court gave the jury the following instructions in response to defendant's motion for mistrial: "Ladies and gentlemen of the jury, . . . the last testimony given by the witness was something to the effect that she made a statement to the GBI agent because she loved the defendant and did not want to see him go back to prison. I charge you that you are to disregard that portion of the statement that said she did not want to see him go

back to prison. Whether or not he ever has been in prison is totally irrelevant here and you will not let that affect your judgment on these cases in anyway whatsoever. Simply put that portion of her statement out of your minds completely." In light of these curative instructions, and the overwhelming evidence of defendant's guilt, we cannot say the victim's statement about her not wanting defendant "to go back to prison" deprived defendant of a fair trial. The trial court did not abuse its discretion in denying defendant's motion for mistrial. See *Edwards v. State*, 200 Ga. App. 580 (1) (408 SE2d 802).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 5, 1997.

*Straughan & Straughan, William T. Straughan*, for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, James E. Turk, Assistant District Attorneys*, for appellee.