A97A2515. REGISTER v. THE STATE.
(494 SE2d 555)

BLACKBURN, Judge.

In the course of a heated argument, Tommy Register shot and killed David Lariscey. Register was convicted of voluntary manslaughter, possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon. He appeals his convictions, asserting numerous errors. For the reasons discussed below, we affirm.

1. Register contends that the trial court erred in failing to give his requested charge on accident. Because a charge on accident was not justified by the evidence, this contention is without merit.

"A request to charge must embody a correct, applicable and complete statement of law, legal and perfect in form and adjusted to the pleadings and evidence; it must not be argumentative or seek an expression of opinion on the part of the court; and it must not be so phrased as to have tendency to confuse and mislead the jury or to becloud the issues in the case." (Punctuation omitted.) *Bakery Svcs. v.*

*Thornton Chevrolet*, 224 Ga. App. 31, 33 (3) (479 SE2d 363) (1996).

The evidence showed that Lariscey demanded money from Register because he had worked on Register's car. When Register refused to pay because Lariscey had not finished the work, the two men became involved in a heated argument outside Register's trailer. Register testified that, after Lariscey threatened to beat him up, he told Lariscey that he was going to go into the trailer and get a gun, and that "I'm going to kill you now." Register went into the trailer and grabbed a .22 caliber rifle, then went back outside and approached Lariscey as he was standing near Register's car. Register said, "I done told you if you f--- with me I'm gone kill you," or words to that effect. Lariscey grabbed the gun, and in the struggle Register shot him in the face.

In his tape-recorded statement to police introduced into evidence, Register admitted that he intentionally shot Lariscey, saying that he snatched the rifle away, pointed it, and pulled the trigger. When shown a transcript of this statement by his own attorney at trial, Register did not contradict or elaborate on any of his statements therein, saying, "Like I said, I never denied doing it." Register never claimed during his testimony that the gun accidentally discharged during the struggle. Accordingly, the court did not err in refusing to charge on accident. Compare *Turner v. State*, 262 Ga. 359, 360-361 (2) (b) (418 SE2d 52) (1992) (charge on accident may be warranted where defendant claims weapon accidentally discharged while defending himself).

2. Register claims the trial court erred in conducting a portion of the voir dire examination of the jury panel outside of his presence.

The voir dire proceedings were not recorded. However, before the first witness was called, the judge recited the pertinent facts for the record. He said that Register had not been properly dressed in civilian clothes when he was brought into court. The judge stated that he had asked Register's attorney whether he wished to begin voir dire in his client's absence while he was changing clothes. The judge stated that Register's attorney said he would proceed with voir dire in Register's absence, but would not begin actual jury selection until Register was in court where the jurors could see him and be asked whether they knew him.

After the judge related these facts, Register's attorney stated that he agreed with the judge's description, that he saw no error in the judge's procedure, and that "I had knowingly waived his presence here up to that point." The judge then asked, "And you're satisfied that when he came in you were able to ask those questions?" Register's attorney responded, "Yes, Your Honor. After the Defendant came in, had the opportunity to be viewed by the respective jurors, and it was no problem, Your Honor." Register did not indicate any dis-

agreement with his attorney's responses.

A defendant has an absolute right to be present during the voir dire of prospective jurors. *Goodroe v. State*, 224 Ga. App. 378, 380 (1) (480 SE2d 378) (1997). However, "[t]he right may be waived by the defendant personally, or by defendant's counsel if counsel does so in the defendant's presence or pursuant to the defendant's express authority, or the defendant may subsequently acquiesce in counsel's waiver." Id.

The above-described facts clearly authorized the trial court to find that Register acquiesced in his attorney's waiver of his right to be present during voir dire. Indeed, although Register testified at his motion for new trial hearing, he did not raise this issue or suggest that he disapproved of his attorney's waiver. Thus, "the evidence was sufficient to support a finding that [Register] knew about the [voir dire proceedings] and the waiver and acquiesced in the waiver by failing to repudiate it at the first opportunity." *Parker v. State*, 220 Ga. App. 303, 312 (12) (469 SE2d 410) (1996); see also *Allen v. State*, 199 Ga. App. 365, 367-368 (6) (405 SE2d 94) (1991).

Contrary to Register's contention, the fact that the judge did not specifically ask Register whether he acquiesced in his attorney's waiver does not change the result. Indeed, the very term "acquiesce" implies something less than express assent. See Webster's Third New International Dictionary, p. 18 (1966) ("to accept or comply tacitly or passively"). This Court has previously found acquiescence in counsel's waiver of defendant's right to be present at a brief hearing where the trial court never discussed the issue with defendant at all, but merely relied on defense counsel's later recollection that "since it was his normal policy to ensure the defendant's presence at all times, he would have informed [defendant] of what happened when he returned." *Parker*, supra; see also *Allen*, supra. By remaining silent when his attorney acknowledged in open court that he had waived Register's right to be present during a portion of voir dire, and then by failing to raise the issue during trial or in his motion for new trial, Register signaled his acquiescence in his attorney's actions, and he cannot now be heard to complain for the first time. See *Harmon v. State*, 224 Ga. App. 890, 891-892 (1) (482 SE2d 730) (1997).

3. Register contends the trial court erred in limiting his cross-examination of a witness. During the cross-examination of Chris Padgett, a friend of the victim who was present during the shooting, Register's attorney asked whether Padgett was aware that Register's mobile home had been burned down after the shooting. Padgett said that he was aware of this, but that he did not know who did it. The attorney then asked if Padgett knew that David Scott and Mike Scott, another witness to the shooting who had not yet testified, had entered the mobile home. The court sustained the prosecutor's objec-

tion to this question as irrelevant.

Register argues that the question was proper, because evidence that Mike Scott had entered and/or burned down Register's mobile home would have demonstrated Scott's bias. However, even if the court erred in sustaining the prosecutor's question, Register has not shown how such error was harmful. When Scott testified after Padgett, he admitted that he and David Scott had entered Register's mobile home after the shooting. Thus, the very evidence Register sought to obtain by his objected-to question to Padgett was later supplied by Scott himself, rendering any error harmless. See *Turner v. State*, 210 Ga. App. 303, 305 (3) (436 SE2d 229) (1993); *Lewallen v. State*, 199 Ga. App. 798, 800 (3) (b) (406 SE2d 255) (1991); *Moore v. State*, 251 Ga. 499, 502 (2) (a) (307 SE2d 476) (1983).

4. Register contends the trial court erred in refusing to allow him to question a witness about the victim's blood alcohol content. During direct examination by the State, the county coroner testified that the cause of death was a gunshot wound to the face. On cross-examination, Register's attorney sought to ascertain whether the coroner had investigated any other possible causes of death, such as beating. During this line of questioning, the attorney asked the coroner whether he was aware that a toxicology report showed the victim had a high blood alcohol content. In response to the prosecutor's objection, the attorney stated that he was seeking to elicit the testimony to show how the coroner arrived at his conclusion as to the cause of death. The court sustained the prosecutor's objection.

As Register does not dispute that the cause of death was in fact a gunshot wound to the face, the trial court clearly did not err in sustaining the State's objection based upon the purpose stated by Register's attorney. On appeal, however, Register contends that evidence of the victim's blood alcohol content was relevant and admissible because it would support an inference that the victim acted in a violent manner, consistent with Register's self-defense claim. "We will not consider whether the trial court erred in refusing to admit the evidence for a purpose raised for the first time on appeal, when the appellant affirmatively stated a different and invalid purpose at trial." *Wilcox v. State*, 263 Ga. 293, 294 (1) (430 SE2d 741) (1993); see also *Dukes v. State*, 224 Ga. App. 305, 307 (2) (480 SE2d 340) (1997). Accordingly, this enumeration is without merit.

5. Register contends that he received ineffective assistance of counsel. However, as this enumeration is not supported in his brief by argument or citation of authority, it is deemed abandoned. See Court of Appeals Rule 27 (c) (2); *Coates v. State*, 222 Ga. App. 888, 889 (3) (476 SE2d 650) (1996).

6. In his final enumeration, Register contends the trial court erred in denying his motion for new trial. As this enumeration

merely incorporates each of his prior enumerations, it is without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 3, 1997.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.