A00A2115. KIRTON v. THE STATE.
(541 SE2d 673)

Miller, Judge.

Francis Kirton was convicted of incest, statutory rape, and two counts of child molestation based on the following evidence: (1) his ten-year-old stepdaughter stated on the stand and in a videotaped interview that he had repeatedly engaged in sexual intercourse with her over a period of years, (2) a physician testified that she disclosed the abuse to him and that he examined her and found definite evidence of repeated and prolonged vaginal penetration, (3) three other

witnesses testified that she reported the sexual abuse to them, including an instance of fondling, and (4) Kirton confessed to police that he had once masturbated in front of the victim. On appeal he contends that the court erred in denying a mistrial when an officer gave improper evidence and in refusing to give jury charges on the voluntariness of his statement and on the need for the State to show he had a "general plan" to use his stepdaughter to satisfy his sexual desires. We hold that since the improper evidence was cumulative, the trial court did not abuse its discretion in denying the mistrial, and that the referenced jury charges were not requested, were incorrect statements of law, or were substantially covered in the jury instructions. Accordingly, we affirm.

1. Since the victim's mother was a co-defendant, the court ordered that under *Bruton v. United States*,[1] the mother's statement to police (that the victim told her of the molestation by Kirton) was partially inadmissible. The court ruled and the State agreed that the officer could testify only that the mother reported that the victim had told her of being molested, with no identification of Kirton as the molester. Even though the officer was present when the court made this ruling, he nevertheless testified that the mother told him that the victim had told her of being molested by Kirton.

Kirton moved for a mistrial, and the court immediately gave curative instructions that the jury should completely disregard the mention of "Kirton" or "the stepfather" in the statement. The court withheld ruling on the motion for mistrial until it had heard all the evidence, at which time it denied the motion. Kirton argues that this was reversible error.

A trial court has broad discretion in deciding a motion for mistrial, and we will not disturb its ruling absent a manifest abuse of that discretion and a showing that a mistrial was essential to preserve the right to a fair trial.[2] Where the ground for the motion is the placement of inadmissible evidence before the jury, the court has discretion as to the measures necessary to correct the error, which may be curative instructions only.[3]

Though a statement is inadmissible under *Bruton*, its admission may be harmless and thus not necessarily reversible error.[4] For

---

[1] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) (statement of nontestifying codefendant which identifies and incriminates defendant is inadmissible).

[2] *Wilcox v. State*, 229 Ga. App. 192, 193 (2) (493 SE2d 600) (1997).

[3] Id. at 193-194 (2).

[4] See, e.g., *Borders v. State*, 270 Ga. 804, 810-811 (4) (b) (514 SE2d 14) (1999); *Hanifa v. State*, 269 Ga. 797, 804 (2) (505 SE2d 731) (1998); *Montijo v. State*, 238 Ga. App. 696, 701-702 (3) (b) (520 SE2d 24) (1999); see generally *Reddish v. State*, 238 Ga. 136, 138 (1) (231 SE2d 737) (1977), citing *Schneble v. Florida*, 405 U. S. 427, 430 (92 SC 1056, 31 LE2d 340) (1972).

example, if the statement is merely cumulative of other competent evidence, its admission is likely not harmful.[5] Since even uncured *Bruton* violations may under certain circumstances be harmless, a trial court could reasonably conclude under similar circumstances that a curative instruction is all that is necessary to remove the improper statement from the jury's consideration.[6]

Here the *Bruton* violation was the mother's statement to police that the victim told the mother Kirton had molested her. This statement was merely cumulative, for (1) the victim herself stated both on the stand and in her videotaped interview that she had told her mother that Kirton had molested her, (2) the victim reported to several witnesses that Kirton had molested her, and (3) the victim confirmed at trial that Kirton had molested her. Moreover, Kirton's own custodial statement admitted the substance of Count 4 of the indictment. Under the circumstances, the trial court did not manifestly abuse its discretion in deciding that the curative instruction not to consider the officer's improper testimony sufficed, without a mistrial, to correct the alleged *Bruton* violation.[7]

2. Kirton's second enumeration is that the court erred in not instructing the jury "on the law of voluntary statements given by a defendant while being questioned by law enforcement officials."[8] At the hearing on his motion for new trial, Kirton admitted that he had not requested a charge on this matter. "Under established Georgia law there is no necessity to give a charge on the subject of the voluntariness of a confession unless there is a specific request for it."[9]

Kirton seeks to expand this enumeration by arguing that the court erred in not giving his requested charge on the need for corroboration of a confession under OCGA § 24-3-53. Such an expansion is impermissible.[10] Even if we were to consider the argument, it lacks merit in that, as intimated by Kirton below, the court adequately covered the relevant legal principle in its charge to the jury.[11]

---

[5] *Copeland v. State*, 266 Ga. 664, 667 (3) (b) (469 SE2d 672) (1996); *Alexander v. State*, 236 Ga. App. 142, 145 (1) (511 SE2d 249) (1999). Compare *Rachel v. State*, 247 Ga. 130, 135 (4) (274 SE2d 475) (1981) (*Bruton* error held harmful where co-defendant's incriminating confession was not merely cumulative).

[6] Cf. *Bradley v. State*, 234 Ga. 664, 667-668 (217 SE2d 264) (1975) (no abuse to deny mistrial where alleged *Bruton* violation did not implicate defendant).

[7] *Copeland*, supra, 266 Ga. at 667 (3) (b); *Bradley*, supra, 234 Ga. at 668.

[8] See OCGA § 24-3-50.

[9] (Citations and punctuation omitted.) *Blackmon v. State*, 197 Ga. App. 133, 134 (2) (397 SE2d 728) (1990).

[10] *Felix v. State*, 271 Ga. 534, 539, fn. 6 (523 SE2d 1) (1999); *Kelly v. State*, 238 Ga. App. 691, 696 (2) (520 SE2d 32) (1999).

[11] See *Wright v. State*, 199 Ga. App. 718, 721 (3) (405 SE2d 757) (1991) ("[a] trial court does not err in failing to give a charge in the exact language requested where, as here, the charge given substantially and adequately covered the principles in the request. [Cit.]").

3. Citing *Staggers v. State*,[12] Kirton's third enumeration contends the court erred in not giving his requested charge that, as an element of the crime of child molestation, the State had to prove he had "a general plan to use the child to gratify his lust or passions or sexual desires." We rejected this same argument in *Lewis v. State*,[13] where we held that the relevant language from *Staggers* concerned only the admissibility of similar transactions, not the elements of the offense of child molestation.[14] The court here fully charged the jury on the elements of child molestation. It did not err in refusing to give the incorrect and inapplicable charge requested by Kirton.[15]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 6, 2000.

*John R. Thigpen, Sr.*, for appellant.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.

---

[12] 120 Ga. App. 875, 876 (2) (172 SE2d 462) (1969).

[13] 212 Ga. App. 310, 312-313 (5) (441 SE2d 851) (1994).

[14] Compare OCGA § 16-6-4 (a) (describing the elements of child molestation).

[15] See *Kent v. State*, 245 Ga. App. 531, 533-534 (4) (538 SE2d 185) (2000) (court properly denies giving a charge that is inapt or incorrect or misstates the law); see generally *Register v. State*, 229 Ga. App. 648 (1) (494 SE2d 555) (1997).